UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ISAIAH WOODS,

               Movant,

   -vs-

UNITED STATES OF AMERICA,

               Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 6:16-cv-6413-MAT**

**Criminal Case**
**No. 6:09-cr-6064-MAT**

---

Movant Isaiah Woods ("Woods"), through counsel, has filed a Supplemental Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255") and Request for Expedited Resentencing ("Supplemental § 2255 Motion) (Docket No. 1470) in regards to his original Motion to Vacate the Judgment and Correct the Sentence Under § 2255 ("§ 2255 Motion") (Docket No. 1273) based on Johnson v. United States, 135 S. Ct. 2551 (2015). In the Supplemental § 2255 Motion, Woods contends that his conviction under 18 U.S.C. § 924(c) (Count 2) must be vacated in light of the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019). Woods was released from the custody of the Bureau of Prisons on November 16, 2018, and has been on supervised release. Woods requests that, at a minimum, his term of supervision be reduced to three years, as the five-year term was authorized only by the § 924(c) conviction. See 18 U.S.C. §§ 3559(a)(1), 3583(b)(1).

-1-

On June 29, 2010, Woods pleaded guilty to, inter alia,[1] one count of possession of a firearm during a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Specifically, Count 2 of the Superseding Indictment charged Woods with using a firearm in furtherance of a conspiracy to engage in a pattern of racketeering activity, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d) (racketeering conspiracy).

In Davis, the Supreme Court struck the residual clause of 18 U.S.C. § 924(c) as "unconstitutionally vague." 139 S. Ct. at 2336. In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit into 18 U.S.C. § 924(c)'s "force clause," meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the "United States Solicitor General has conceded that conspiracy to commit Hobbs Act robbery does not meet the requirements of the force clause: 'A Hobbs Act conspiracy need not [] lead to the commission of the planned robbery, and thus such a conspiracy does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," so as

---

[1] Woods also pleaded guilty to Count 1 of the Superseding Indictment, charging him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). He was sentenced to 75 months on Count 1 and 60 months on Count 2, those terms to be served consecutively. His sentence on Count 1 was subsequently reduced from 75 to 61 months pursuant to the retroactive amendments to the drug sentencing guidelines. Docket No. 1197.

to qualify as a "crime of violence" under 18 U.S.C. 924(c)(3)(A).'" Docket No. 1470, pp. 2-3 (quoting United States v. Davis, Brief for the United States, 2019 WL 629976, at *50 (citation omitted in original; brackets in original)). Woods notes that as is the case with conspiracy to commit Hobbs Act robbery, conspiracy to engage in a pattern of racketeering activity requires only an agreement; it need not lead to the commission of the substantive offense. Docket No. 1470, p. 3. Therefore, conspiracy to engage in a pattern of racketeering activity could only be a "crime of violence" under 18 U.S.C. § 924(c)'s now-void residual clause. Id. Because RICO conspiracy is not a "crime of violence" there is no basis for Woods's § 924(c) conviction. Id.

The Government has filed a Response (Docket No. 1479) indicating its agreement with Woods that, in light of Davis, his conviction under 18 U.S.C. § 924(c) (Count 2) must be vacated since the predicate offense is conspiracy to engage in a pattern of racketeering activity. The Government joins Woods's request for a full resentencing hearing.

The Court agrees that Woods's conviction and sentence on Count 2 violate Due Process and that he is entitled to relief under § 2255(b) in the form of a resentencing hearing to be held as soon as practicable. Accordingly, the Court **grants** Woods's Supplemental § 2255 Motion (Docket No. 1470) and the § 2255 Motion (Docket No. 1273); vacates the judgment of conviction on Count 2; and remands

the case for resentencing before the original sentencing judge, U.S. District Judge Charles J. Siragusa.

**SO ORDERED.**

*S/ Michael A. Telesca*

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: August 16, 2019
Rochester, New York